IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) ) Case No. 1:20-cv-2829 |
| v. | ) ) |
| ALON FARHY, 27 Hamatzbeim Street P.O. Box 10526 Tel Aviv, Israel 69935 | ) ) ) ) ) |
| Defendant. | ) ) ) |

## **COMPLAINT**

Plaintiff, the United States of America, at the request and with the authorization of a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to collect the civil penalties assessed against Alon Farhy under 31 U.S.C. § 5321(a)(5)(C)(i) for his willful failure to report his interests in foreign bank accounts for the 2007 calendar year. In support of this action, the United States alleges as follows:

### **JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355(a) because it arises under a federal statute, the United States is the plaintiff, and the action seeks to recover civil penalties assessed under 31 U.S.C. § 5321(a)(5).

2. Venue is proper in this district under 28 U.S.C. § 1391(c)(3) because upon information and belief, Defendant Alon Farhy does not currently reside in the United States.

1

## PARTIES

3. Plaintiff is the United States of America.

4. Alon Farhy is the person against whom the Internal Revenue Service ("Service") assessed penalties due to his willful failure to file Foreign Bank Account Reports in the 2007 calendar year. Farhy was a U.S. permanent resident alien in 2007 and a citizen of Israel and Australia. Upon information and belief, Farhy currently resides in Israel.

## REGULATORY BACKGROUND

5. All citizens and residents of the United States who have a financial interest in, or signatory or other authority over, any foreign financial account that had a maximum value greater than $10,000 during the calendar year are required to file an annual report disclosing the existence of each account. 31 U.S.C. § 5313; 31 C.F.R. § 1010.350(a).

6. For calendar years 2012 and prior, a person met this reporting requirement by filing a Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, commonly known as an "FBAR."

7. The FBAR for a calendar year is due no later than June 30 of the year following the calendar year. 31 C.F.R. § 1010.306(c).

8. In addition, all persons who are required to file a Schedule B to their federal income tax returns (Form 1040) are required to disclose whether, at any time during that calendar year, they had a financial interest in or signatory authority over a financial account located in a foreign country.

9. Section 5321(a)(5) of Title 31 of the United States Code, authorizes the imposition of civil penalties for the willful failure to properly report an account through the filing of an FBAR in any calendar year when it is required. Specifically, § 5321(a)(5)(C) provides for

a maximum willfulness penalty in the amount of the greater of $100,000 or 50% of the balance in the accounts at the time of the violation.

10. The penalty provided by 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties under 31 U.S.C. § 3717.

**FARHY'S INTEREST IN FOREIGN FINANCIAL ACCOUNTS AND HIS WILLFUL FAILURE TO REPORT HIS INTEREST IN THOSE ACCOUNTS**

11. Upon information and belief, in early 2004, Farhy and the individual who prepared his returns ("Return Preparer") discussed a plan to falsely reduce the amount of federal income tax that Farhy owed from the exercise of stock options. Generally, the plan required Farhy to send the money that he received from the exercise of stock options to an entity created by the Return Preparer, Platinum Planning Group. Platinum Planning Group would then wire those funds to a foreign bank account in the name of a nominee corporation established by Farhy. The Return Preparer subsequently prepared false returns for Farhy reporting fictitious losses from investing in securities and options in order to reduce the income tax that Farhy owed.

12. In furtherance of this plan, Farhy created and incorporated Katumba Capital, Inc. ("Katumba Capital") in Belize.

13. Katumba Capital had no business purpose, but rather, it was created solely for the purpose of opening an offshore bank account to receive money that Farhy had funneled through Platinum Planning Group.

14. Farhy opened a bank account in Katumba Capital's name at Bank Leumi (Luxembourg) ("Bank Leumi Account").

15. Farhy had full authority, including signatory authority, over the Bank Leumi Account.

16. In or around 2007, Farhy closed the Bank Leumi Account and transferred the money to an account in Danske Bank in Luxembourg ("Danske Bank Account"), which had also been opened in Katumba Capital's name.

17. In an effort to minimize the connection between the Danske Bank Account and Katumba Capital, Farhy closed Katumba Capital and created a new corporation to hold the Danske Bank Account. The new corporation was called Morning Star.

18. The aggregate balances of the Bank Leumi and the Danske Bank Accounts exceeded $10,000 in 2007.

19. The highest account balance in the Danske Bank Account in 2007 was $3,260,985, and the highest account balance in the Bank Leumi Account in 2007 was $363,526.

20. Pursuant to 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c), Farhy was required to file an FBAR reporting his financial interest in his foreign bank accounts for the 2007 calendar year on or before June 30, 2008.

21. Farhy was aware of his obligation to file FBARS with the Service with respect to his interests in his foreign bank accounts.

22. Farhy's failure to timely report his financial interest in his foreign bank accounts for the 2007 calendar year was willful.

**COUNT I: JUDGMENT FOR CIVIL PENALTIES**
**(31 U.S.C. § 5321(a)(5))**

23. The United States incorporates by reference the allegations in paragraphs 1 through 22 above.

24. On or about February 27, 2018, Farhy signed an FBAR agreement with the Service in which he waived all defenses to the assessment and collection of the FBAR penalty,

including any defense based on the expiration of the period of limitations on the assessment or collection of penalties and interest.

25. On October 17, 2018, a delegate of the Secretary of the Treasury assessed a civil penalty against Farhy under 31 U.S.C. § 5321(a)(5) in the amount of $1,812,256 for his willful failure to timely file an FBAR in connection with his accounts at Bank Leumi and Danske Bank for the 2007 calendar year.

26. Despite notice and demand for payment, Farhy has failed to fully pay the penalty assessed against him.

27. Interest and penalties have accrued and will continue to accrue on the penalty described in paragraph 25 above pursuant to 31 U.S.C. § 3717 until it is paid in full.

28. As of October 29, 2019, Farhy is indebted to the United States in the amount of $1,943,284.59, plus statutory additions that continue to accrue thereafter as provided by law.

**WHEREFORE**, the United States respectfully requests that the Court:

A. Find that Farhy willfully failed to file a complete and accurate FBAR for the 2007 calendar year as required by law;

B. Enter judgment in favor of the United States and against Farhy in the amount of $1,943,284.59 for the penalty assessed against him under 31 U.S.C. § 5321(a)(5), accrued interest on such penalty, late payment penalties, and further statutory additions thereon as allowed by law from October 29, 2019, to the date of payment;

C. Award the United States its costs for prosecuting this action; and

//

//

//

    D.    Grant such other relief as the Court deems just and proper under the circumstances.

Date: October 5, 2020

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        */s/ Catriona M. Coppler*
        CATRIONA M. COPPLER
        (D.C. Bar # 241446)
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 227
        Washington, D.C. 20044
        202-514-5153 (v)
        202-514-6866 (f)
        Catriona.M.Coppler@usdoj.gov